ORIGINAL

DEC - 5 2005

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT G. MARTIN and BERNICE V. MARTIN | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL NO. 05 - 1251 T |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs Robert G. Martin and Bernice V. Martin ("Plaintiffs" or the "Martins") are citizens of the United States of America whose address is 2170 Midland Dr., Soutrhern Pines, N.C., 28387.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230, and 6621(d) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1994)

5. Robert G. Martin and Bernice V. Martin filed a timely joint federal income tax return for calendar year 1994 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-7660 and XXX-XX-9783, respectively.

6. Robert G. Martin was a limited partner in Travertine Flame Associates ("TFA"), a California limited partnership.

7. On or about October 15, 2003, the Martins filed with the IRS a claim for refund of $71,642.00 related to the termination and dissolution of TFA.

8. On December 4, 2003, the IRS disallowed that claim.

9. As grounds for recovery, the Martins restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1994:

A. TFA was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1984 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent

with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness and final termination of the partnership interest.

F. The Plaintiffs asserts that the entire loss should be allowable in 1994 as an ordinary loss based on Rev. Rul. 93-80, but has restricted his claim to capital loss treatment in acquiescence to the position he understands the IRS has taken that capital losses will be allowed in the termination years. In the alternative, the Plaintiffs asserts that if the claim is denied for any reason, the 1994 claim amount should be $100,113.00.

G. The basis adjustment and loss recognized based on above Exhibits and explanation is $245,449.

H. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions for filing basis related refund claims.

J. This claim also constitutes the Plaintiffs' protective request that if the refunds are not directly applied to the 1984 liability as requested, the Secretary apply §6621(d) to such period. To the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1995, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not

applied to the 1984 tax liability as requested by the taxpayers, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

10. Over six (6) months have elapsed since the Martins filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

11. The Martins are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Robert G. Martin and Bernice V. Martin pray for judgment against the Defendant the United States of America in the amount of $71,642.00, or in the alternative for $100,113.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)